1
2
3
4
5
6
7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARL FOUST,                                    No.  2:16-cv-0142 GEB AC P

12                     Plaintiff,

13          v.                                       ORDER

14   HALL, et al.,

15                     Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has also

19   filed at least six requests for appointment of counsel (ECF Nos. 6, 8, 18, 21, 23, 28) and a number

20   of miscellaneous documents which appear to be largely comprised of medical records and inmate

21   appeals (ECF Nos. 7, 9-17, 19, 20, 22, 24-27).  This proceeding was referred to this court by

22   Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

23       I.      Application to Proceed In Forma Pauperis

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6    1915(b)(2).

7         II.    Statutory Screening of Prisoner Complaints

8              The court is required to screen complaints brought by prisoners seeking relief against a

9    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

11   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

13             A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16   meritless legal theories or whose factual contentions are clearly baseless."  Jackson v. Arizona,

17   885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute

18   on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490

19   U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded,

20   has an arguable legal and factual basis.  Id.

21             "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

22   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

23   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

24   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25   However, in order to survive dismissal for failure to state a claim, a complaint must contain more

26   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

27   allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations

28   omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that

1    merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original)

2    (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d

3    ed. 2004)).

4         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5    relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

6    Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

7    content that allows the court to draw the reasonable inference that the defendant is liable for the

8    misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint

9    under this standard, the court must accept as true the allegations of the complaint in question,

10   Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

11   in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

12   McKeithen, 395 U.S. 411, 421 (1969).

13       III.     Complaint

14         The complaint identifies Lieutenants Hall and Appleberry as defendants and states only

15   that "[t]hey are tampering with my legal mail on several occassions [sic]."  ECF No. 1 at 2-3.

16   Plaintiff then attaches over sixty pages of exhibits that include, among other things, medical

17   records, inmate appeals, and what appear to be documents from a state court case.  Id. at 4-69.

18       IV.     Failure to State a Claim

19         Although plaintiff appears to be attempting to make a claim related to his legal mail, and

20   potentially involving his access to the courts, he provides no details regarding his allegations and

21   his attachments relate to both legal mail and medical issues.  Furthermore, the numerous

22   documents plaintiff has continued to file with the court appear to be largely related to plaintiff's

23   medical care.  Plaintiff's vague statement that defendants have tampered with his legal mail on

24   several occasions is insufficient to state a claim, and the court will not sift through plaintiff's

25   exhibits and attempt to decipher what specific claims plaintiff may be attempting to make against

26   defendants.  Plaintiff must explain specifically, in the body of the complaint, how and when

27   defendants tampered with his mail.  Moreover, to the extent plaintiff may be attempting to make

28   claims related to his medical care, unless those claims are against defendants Hall and

3

1    Appleberry, they are likely not properly joined in this case and will be required to be brought in a

2    separate action if plaintiff wants to pursue them.  See Fed. R. Civ. P. 18; Fed. R. Civ. P. 20.

3         Plaintiff will be given an opportunity to amend the complaint and in amending the

4    complaint he should keep the following legal standards in mind.  Plaintiff may join multiple

5    claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  He may also join multiple

6    defendants if the claims against them arise from the same transaction, occurrence, or series of

7    transactions or occurrences and there is a question of law or fact common to all defendants.  Fed.

8    R. Civ. P. 20(a)(2).  In other words, plaintiff can make as many claims against a single defendant

9    as he wants, but if he wants to bring claims against more than one defendant, the claims against

10   the defendants must be related to each other.

11        With respect to plaintiff's claim that defendants tampered with his legal mail, whether

12   opening mail from an inmate's attorney outside his presence violates that inmate's constitutional

13   rights is an open question in the Ninth Circuit.  Sherman v. MacDougall, 656 F.2d 527, 528 (9th

14   Cir. 1981) (noting that "[t]he law in at least three circuits is that mail from attorneys may not be

15   opened out of the presence of the addressee," but declining to decide the issue) (citing Taylor v.

16   Sterrett, 532 F.2d 462 (5th Cir. 1976); Bach v. Illinois, 504 F2d 1100 (7th Cir. 1974); Smith v.

17   Robbins, 454 F.2d 696 (1st Cir. 1972)).  However, "[m]ail from the courts, as contrasted to mail

18   from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996)

19   (quoting Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) ("[W]ith minute and irrelevant

20   exceptions all correspondence from a court to a litigant is a public document, which prison

21   personnel could if they want inspect in the court's files.")).  If the mail plaintiff claims was

22   tampered with came from the court, it does not qualify as legal mail and is not entitled to the

23   same protections as correspondence to or from plaintiff's attorney.

24        If plaintiff is attempting to make a claim under the First or Fourteenth Amendment for

25   violation of his right of access to the courts, this right is limited to interference with direct

26   criminal appeals, habeas petitions, and civil rights actions.  Lewis v. Casey, 518 U.S. 343, 354

27   (1996).  Claims for denial of access to the courts may arise from the frustration or hindrance of "a

28   litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a

4

1   meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536

2   U.S. 403, 413-15 (2002).  For backward-looking claims, plaintiff "must show: 1) the loss of a

3   'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3)

4   a remedy that may be awarded as recompense but that is not otherwise available in a future suit."

5   Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14),

6   overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

7        To have standing to bring this claim, plaintiff must allege he suffered an actual injury.

8   Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994).  To succeed,

9   plaintiff must have been denied the necessary tools to litigate a nonfrivolous claim attacking a

10  conviction, sentence, or conditions of confinement.  Christopher, 536 U.S. at 415; Lewis, 518

11  U.S. at 353 & n.3.  Plaintiff need not show that he would have been successful on the merits of

12  his claims, but only that the claims were not frivolous.  Allen v. Sakai, 48 F.3d 1082, 1085-86 &

13  n.12 (9th Cir. 1994).  A claim "is frivolous where it lacks an arguable basis either in law or in

14  fact."  Neitzke, 490 U.S. at 325.  The Ninth Circuit has emphasized that "[a] prisoner need not

15  show, ex post, that he would have been successful on the merits had his claim been considered.

16  To hold otherwise would permit prison officials to substitute their judgment for the courts' and to

17  interfere with a prisoner's right to court access on the chance that the prisoner's claim would

18  eventually be deemed frivolous."  Allen, 48 F.3d at 1085.  To properly plead a denial of access to

19  the courts claim, "the complaint should state the underlying claim in accordance with Federal

20  Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain

21  statement should describe any remedy available under the access claim and presently unique to

22  it."  Christopher, 536 U.S. at 417-18 (footnote omitted).

23        If plaintiff wants to make claims related to his medical care, then in order "to maintain an

24  Eighth Amendment claim based on prison medical treatment, [he] must show 'deliberate

25  indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006),

26  (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a

27  'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in

28  further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the

1   defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith,

2   974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted),

3   overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en

4   banc)).

5         Deliberate indifference is established only where the defendant *subjectively* "'knows of

6   and disregards an *excessive risk* to inmate health and safety.'" Toguchi v. Chung, 391 F.3d 1051,

7   1057 (9th Cir. 2004) (emphasis added) (quoting Gibson v. County of Washoe, 290 F.3d 1175,

8   1187 (9th Cir. 2002)).  Deliberate indifference can be established "by showing (a) a purposeful

9   act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

10  indifference." Jett, 439 F.3d at 1096 (citation omitted).  A difference of opinion between an

11  inmate and prison medical personnel—or between medical professionals—regarding appropriate

12  medical diagnosis and treatment are not enough to establish a deliberate indifference claim.

13  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058.

14        V.     Leave to Amend

15        If plaintiff chooses to file a first amended complaint, he must demonstrate how the

16  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

17  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

18  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

19  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

20  or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

21  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

22  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

23  268 (9th Cir. 1982) (citations omitted).

24        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

25  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

26  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

27  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

28  1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims

1   dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent

2   amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the

3   original complaint no longer serves any function in the case.  Therefore, in an amended

4   complaint, as in an original complaint, each claim and the involvement of each defendant must be

5   sufficiently alleged.

6       If plaintiff chooses to amend his complaint, the amended complaint must be **one**

7   document and include **all** of the related claims plaintiff wants to make because the court will not

8   look at the claims or information in the original complaint or any other documents plaintiff has

9   already filed.  The court will not look at any separate documents plaintiff files after filing the

10  amended complaint.  In other words, any claims not in the amended complaint will not be

11  considered.

12      The first amended complaint must be on the form for prisoner civil rights complaints

13  which will be provided to plaintiff.  Plaintiff must list all defendants that he wants to bring a

14  claim against and explain what they did that he believes violates his rights.  The court will not

15  consider any claims against defendants who are not named in the amended complaint.  If plaintiff

16  needs more space to explain all of his claims, he may use additional sheets of paper and attach

17  them directly to the complaint form.  The additional pages must be filed with the complaint form,

18  not as separate documents.  While plaintiff may attach exhibits to his complaint, they are not a

19  substitute for plaintiff completing the complaint form and the court will not go through his

20  exhibits to try and figure out what claims plaintiff is trying to make.  His claims must be on the

21  complaint form which will be provided by the Clerk of the Court.

22      VI.    Motions for Appointment of Counsel

23      Plaintiff has filed six requests for appointment of counsel.  ECF Nos. 4, 8, 18, 21, 23, 28.

24  The United States Supreme Court has ruled that district courts lack authority to require counsel to

25  represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

26  298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

27  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

28  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court has only just screened plaintiff's complaint and dismissed it with leave to amend.  In screening the complaint, the court has outlined the applicable legal standards for plaintiff and explained to him what he needs to show in order to state a claim.  Plaintiff should attempt to follow the instructions given by the court when amending his complaint.

At this stage the court is unable to evaluate plaintiff's likelihood of success on the merits or his ability to articulate his claims.  For these reasons, the court is unable to find the necessary exceptional circumstances at this time and finds that appointment of counsel would be premature at this stage of the case.

VII.    Miscellaneous Filings

Plaintiff should refrain from filing letters to the court.  Communication with the court should be done through motions that are properly captioned with the case name and number. Motions should also be identified by the relief they seek (for example, motion for extension of time).  The relief requested should be related to the case.  Plaintiff also should not file any further documents (medical records, appeals, etc.) with the court unless they are being used as exhibits to support a motion.  Exhibits must be clearly labeled as exhibits so that the court can tell what part of the filing is the motion and what part is the exhibit.  Plaintiff shall also cease filing multiple requests for the same relief.  While the court understands that plaintiff may be frustrated by the delays in the processing of his case, he is advised that the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases.  This sometimes causes unavoidable delays in the resolution of individual matters, and plaintiff's continued filing of duplicative requests and miscellaneous documents does nothing

8

but further slow the court's ability to address his case.

VIII.   <u>Summary</u>

Plaintiff's request to proceed in forma pauperis is granted.

Plaintiff's requests for appointment of counsel are denied because it is too early in the case for the court to find that exceptional circumstances exist.

Plaintiff should stop filing documents (medical records, appeals, etc.) with the court unless they are exhibits to a motion. If he wants the court to do something he needs to file a motion and he should file the motion only once.

The complaint is dismissed with leave to amend because the facts plaintiff has alleged are not enough to state a claim for relief. Plaintiff needs to provide more information about what defendants did and how it violated his rights. When he amends the complaint, plaintiff should remember that he can make as many claims against a single defendant as he wants, but if he wants to bring claims against more than one defendant, the claims against the defendants must be related to each other. If plaintiff is trying to make a claim about his legal mail or legal access, he needs to explain (1) how his mail was tampered with, (2) what he was trying to send out or receive, and (3) how he was injured, for example, did he miss a filing date or was a confidential communication with his attorney compromised. If plaintiff is trying to bring medical claims, then he needs to explain what his serious medical need was and how each defendant failed to respond to that need.

If plaintiff chooses to amend his complaint, the first amended complaint must include all of the claims plaintiff wants to make because the court will not look at the claims or information in the original complaint. In other words, any claims not in the first amended complaint will not be considered. The court will not try to guess what plaintiff is trying to claim by looking at his exhibits and previous filings.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

1   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

2   Director of the California Department of Corrections and Rehabilitation filed concurrently

3   herewith.

4         3.  Plaintiff's complaint is dismissed with leave to amend.

5         4.  Within thirty days from the date of service of this order, plaintiff may file an amended

6   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

7   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

8   number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

9   original and two copies of the amended complaint.  Failure to file an amended complaint in

10  accordance with this order will result in a recommendation that this action be dismissed.

11        5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

12  form used in this district.

13        6.  Plaintiff's motions for appointment of counsel (ECF Nos. 4, 8, 18, 21, 23, 28) are

14  denied.

15        7.  The miscellaneous documents filed by plaintiff (ECF Nos. 7, 9-17, 19, 20, 22, 24-27)

16  shall be disregarded.

17  DATED: May 26, 2016

18  _____

19  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28