UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL FOUST,

Plaintiff,

v.

HALL, et al.,

Defendants.

No. 2:16-cv-0142 GEB AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

By order filed November 2, 2016, plaintiff was given a final extension of twenty-one days to file an amended complaint and warned that failure to comply would result in a recommendation that the action be dismissed. ECF No. 50. Twenty-one days has now passed and plaintiff has failed to file an amended complaint. Plaintiff has instead submitted three letters to the court. ECF Nos. 51-53. As with most of plaintiff's previous filings, these letters advise the court that plaintiff has medical and developmental difficulties, difficulty getting into the law library, and that he requires assistance. Id. He also acknowledges that he understands that he will not receive any further extensions of time to file an amended complaint. ECF No. 52.

It has been over five months since the original complaint was denied with leave to amend, and though plaintiff continues to claim that he is unable to file an amended complaint within the

time provided, he has managed to file numerous other documents with the court (ECF Nos. 33, 34, 36, 37, 39-49, 51-53) and recently initiated a new lawsuit (Foust v. Kuko-ojo, Case No. 2:16-cv-02731 AC, opened Nov. 17, 2016). In light of plaintiff's failure to file an amended complaint in this case, the undersigned will recommend dismissal of the case for failure to comply with court orders.

To the extent any of plaintiff's most recent letters could be construed as requests for counsel, they will be denied. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In screening the complaint, the court outlined the applicable legal standards for plaintiff and explained to him what he would have to show in order to state a claim. ECF No. 30. There is no evidence that plaintiff has attempted to follow the instructions given by the court and been unable to do so, despite several reminders of what is required of him (ECF Nos. 35, 38, 50), and his recent initiation of a new lawsuit indicates he is capable of proceeding without counsel at this stage. The court therefore finds that appointment of counsel is not warranted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for counsel (ECF Nos. 51-53) are denied.

////

IT IS FURTHER RECOMMENDED that this case be dismissed for failure to comply with court orders. See L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 9, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE